ERNEST GALVAN – 196065
BLAKE THOMPSON – 255600
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email:  egalvan@rbgg.com
        bthompson@rbgg.com

BRIAN A. VOGEL – 167413
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326
Email:  brian@bvogel.com

LANCE WEBER – Fla. Bar No. 104550*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Facsimile: (866) 735-7136
Email:  lweber@humanrightsdefensecenter.org

* Admitted to Practice *Pro Hac Vice*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF VENTURA; GEOFF DEAN, GARY PENTIS, LINDA OKSNER, and RICK BARRIOS, in their individual and official capacities, DOES 1-10, in their individual and official capacities,<br><br>Defendants. | Case No. cv-14-0773-GHK (EX)<br><br>**JOINT REPORT OF PARTIES' PLANNING MEETING**<br><br>Judge: Hon. George H. King<br><br>Rule 26 Conference: June 2, 2014 |

[1188336-1]

Joint Case Management Report

### 1. Rule 26(f) Meeting

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on May 1, 2014. The following persons participated in the meeting:

- Ernest Galvan from Rosen, Bien Galvan & Grunfeld LLP, Brian Vogel from the Law Offices of Brian A. Vogel, PC, and Lance Weber from the Human Rights Defense Center, for Plaintiff PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER ("Plaintiff" or "PLN").

- Jeffrey Held from Wisotsky, Procter & Shyer for Defendants COUNTY OF VENTURA, GEOFF DEAN, GARY PENTIS, LINDA OKSNER, RICK BARRIOS, and DOES 1-20 (collectively, "Defendants").

The parties hereby submit the following joint status report and discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(2). Both parties assisted in developing the Case Management Report.

### 2. Concise Statement Of The Factual And Legal Basis Of The Claims And Defenses

Plaintiff is a publisher and book distributor, Prison Legal News, a project of the non-profit organization Human Rights Defense Center. Plaintiff brings this action under the First and Fourteenth Amendments to the United States Constitution. Defendants are the County of Ventura, Geoff Dean, the Sheriff of Ventura County, Gary Pentis, the Assistant Sheriff, Linda Oksner, the Commander of the Todd Road Jail, and Rick Barrios, Commander of the Pre-Trial Detention Facility. Plaintiff brought this action after learning that staff at the jails of Ventura County were refusing to deliver its publications and other written materials to jail inmates.

Plaintiff alleges that the following practices of the Ventura County Jails violate the First and Fourteenth Amendments:

(1) Rejection of items mailed by Plaintiff on the grounds that postcards are the only acceptable form of non-privileged incoming mail (hereinafter referred to as "postcard only policy");

(2) Rejection of issues of the Plaintiff's monthly publication, *Prison Legal News*, on the grounds that it contains suggestive advertisements;

(3) Rejection of items mailed by Plaintiff on the grounds that that Xeroxed materials were not allowed, and that inmates cannot order things from jail;

(4) The Jail's failure to provide notice and an opportunity to appeal when materials sent by Plaintiff were rejected.

Plaintiff alleges that the above-listed acts and omissions were undertaken as the official policy and/or established custom and practice of the County of Ventura such that the County is directly liable for the resulting Constitutional violations. Plaintiff alleges that the above-listed acts and omissions were undertaken with conscious disregard for Constitutional rights, exposing the individual defendants to liability for punitive damages. Plaintiff alleges that permanent injunctive relief is necessary in order to prevent continuing and imminent violations of its First Amendment and Fourteenth Amendment rights.

Defendants contend that acts and omissions (2)-(4) above were due to mistakes made by staff that have been corrected. Defendants contend that the postcard-only policy, (1), above, is a permissible limitation on First Amendment rights because it is reasonably related to the jail's legitimate security and administrative burden reduction interests. Defendants contend that it is therefore entitled to judgment as to item (1) above, and that no injunctive relief is necessary as to items (2)-(4) above.

### 3. Jurisdictional Basis for the Case

The lawsuit is within the Court's federal question jurisdiction. 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3).

Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because the Defendants reside in and a substantial part of the events complained of occurred in this District.

**4.     Initial Disclosures**

The parties will serve initial disclosures by June 16, 2014.

**5.     Subjects on Which Discovery May Be Needed**

    **A.     Plaintiff**

Plaintiff will serve discovery on each of the Defendants in the form of interrogatories and requests for production of documents regarding the basis for Defendants' affirmative defenses and denial of liability in their answer to Plaintiff's Complaint, including the allegations that Defendants' actions and policies in censoring Plaintiff's publication and correspondence were related to legitimate penological interests.  Plaintiff also intends to take the depositions of various Defendants and others, including individuals who handled or processed mail and any Defendants who decided whether or not to deliver mail addressed to persons detained at correctional facilities in Ventura County.  Plaintiff may take one or more "persons most knowledgeable" depositions under Federal Rule of Civil Procedure 30(b)(6), and may serve requests for admissions.

    **B.     Defendants**

Defendants will propound written discovery to ascertain the plaintiff's special (economic) damages and to quantify the mailed items said to have been rejected by category, as well as subscription rates.  Defendants will also depose plaintiff's management hierarchy to determine the same information.

**6.     Disclosure or Discovery of Electronically Stored Information**

Disclosure or discovery of electronically stored information should be handled as follows: electronic information should be produced on portable media such as CD-ROM, DVD, or thumb drive in native format and with metadata intact with load files on Concordance format or the equivalent.

**7.     Changes to Limitations on Discovery**

The parties do not anticipate changes to the limitations on discovery imposed

by the Federal Rules of Civil Procedure.

### 8. Claims of Privilege or Work Product

The parties are aware of no outstanding issues relating to claims of privilege or work product, and do not anticipate any.

### 9. Proposed Deadlines

The parties propose the following dates for future proceedings in this matter:

| | |
|---|---:|
| Expert Disclosures and Reports: | Oct. 17, 2014 |
| Rebuttal Expert Disclosures and Reports: | Nov. 7, 2014 |
| Close of Expert and Fact Discovery: | Nov. 21, 2014 |
| Last Day for Filing Dispositive Motions: | Jan. 16, 2015 |
| Last Day to Hear Dispositive Motions: | Feb. 17, 2015 |
| Proposed Date for Pre-Trial Conference | Mar. 2, 2015 |
| Trial Date: | Mar. 16, 2015 |

### 10. Reference to a Magistrate Judge for Trial

The parties do not consent to trial before a Magistrate Judge.

### 11. Jury Trial

Both parties have requested a jury trial.  *See* Complaint, filed January 31, 2014 (Docket No. 1), page 17; Answer on Behalf of Defendants, filed March 31, 2014 (Docket No. 25), page 13.

### 12. Estimated Length of Trial

Plaintiff estimates that it would require three court days to present its case-in chief.  Defendants will require a commensurate length of time.

### 13. Prospects for Settlement

The parties have discussed a partial settlement of all issues other than those arising from the post-card policy.  No settlement, even a partial one, is likely until after the preliminary injunction motion is decided.  The parties have discussed the Local Rule 16-15.4 ADR options and would prefer Option 1, with the District Judge presiding at a settlement conference.

**14.    Names of Attorneys Who Will Try The Case**

    **A.    Plaintiff**

Ernest Galvan, Blake Thompson, Rosen Bien Galvan & Grunfeld, LLP

Brian Vogel, Brian A. Vogel, The Law Offices of Brian A. Vogel, PC

Lance Weber, Human Rights Defense Center

    **B.    Defendants**

Jeffrey Held, Wisotsky, Procter, and Shyer

James Procter, Wisotsky, Procter, and Shyer

DATED: May 19, 2014          Respectfully submitted,

WISOTSKY, PROCTER & SHYER

By: */s/ Jeffrey Held*
    Jeffrey Held

Attorneys for Defendants

DATED: May 19, 2014          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ernest Galvan*
    Ernest Galvan

Attorneys for Plaintiff

[1188336-1]

5

Joint Case Management Report