JS-6

**FILED:  9/4/14**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF VENTURA and GEOFF DEAN in his official capacity only,<br><br>        Defendants. | Case No. 14-0773-GHK (EX)<br><br>[~~PROPOSED~~] **ORDER REGARDING STIPULATED PERMANENT INJUNCTION [Exhibits A – B attached]**<br><br>Judge:    Hon. George H. King |

[1291842-1]

# [~~PROPOSED~~] PERMANENT INJUNCTION

The Court, having reviewed the parties' Stipulated Permanent Injunction filed in this matter on August 27, 2014 (ECF #61), ORDERS as follows:

## I. Terms of the Permanent Injunction

1.      IT IS HEREBY ORDERED that the Sheriff of Ventura County (the "Sheriff"), and Defendant County of Ventura (the "County") and their successors, officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise (hereinafter referred to collectively as "Defendants"), SHALL NOT refuse to deliver correspondence to or from inmates at the County's jails on the ground that correspondence is not written on a postcard.

2.      IT IS FURTHER ORDERED that Defendants SHALL implement and abide by the policy for incoming mail (attached hereto as Exhibit B) within thirty (30) days of the date of the entry of this ORDER.

3.      IT IS FURTHER ORDERED that Ventura County Sheriff's Office, Detention Services Division, SHALL conduct a four (4) hour training block in order to adequately familiarize all mailroom staff persons with the provisions of the attached mail policy and will thereafter conduct two (2) hour annual legal updates.

4.      IT IS FURTHER ORDERED that Defendants SHALL NOT refuse to deliver correspondence, catalogs or subscription order forms to inmates at the Jail

[1291842-1]

on the basis that inmates cannot order subscriptions or other reading materials.

5.   IT IS FURTHER ORDERED that Defendants SHALL NOT refuse to deliver correspondence to inmates at the Jail on the basis that the materials were Xeroxed, photocopied or printed from the Internet.

6.   IT IS FURTHER ORDERED that Defendants SHALL NOT refuse to deliver copies of publications from Plaintiff or other publishers on account of sexually "suggestive" content unless the  publication contains images of fully exposed genitalia, buttocks or female breasts and/or graphic depictions of sexual acts.

7.   IT IS FURTHER ORDERED that Defendants SHALL NOT prohibit inmates from ordering books, magazines or other publications.

8.   IT IS FURTHER ORDERED that Defendants SHALL provide written notice and an opportunity to appeal the non-delivery of mail to both inmates and senders of mail in accordance with the mail policy attached as Exhibit B.

9.   IT IS FURTHER ORDERED that Defendants SHALL post the attached mail policy (Ex. B) on their website within thirty (30) days of the date of this Order and shall provide notice of the new policy to inmates by virtue of updating their inmate handbook within sixty (60) days of the date of this Order.

10.   No person who has notice of this injunction shall fail to comply with it, nor shall any person subvert the injunction by any sham, indirection or other artifice.

[1291842-1]

## II.   Parties and the Court's Continuing Jurisdiction

IT IS FURTHER ORDERED that, except for the claims against the Sheriff in his official capacity only, all claims against all named and fictitious individual defendants in their personal and official capacities have been dismissed with prejudice to refiling in this or any other Federal or State court. The correct remaining defendants are the County and whoever is the current officeholder of the Sheriff in his or her official capacity.

## III.   Monitoring and Compliance

IT IS FURTHER ORDERED that there will be no monitor, per se, of compliance with this Permanent Injunction.  In lieu thereof, the following procedures will apply:

1.   (a)   Plaintiff will notify Defendants in writing of any perceived violation of the terms of this Order. This notification will be electronically mailed to jheld@wps-law.net, Gary.Pentis@ventura.org, Dave.Lareva@ventura.org, Tracy.Martinez-Aguilar@ventura.org, and/or to additional or substituted recipients of which all Plaintiff's counsel of record are electronically notified.

(b)   Within fourteen (14) calendar days of receipt of notice, Defendants will provide a written response addressing the issues raised in Plaintiff's letter.  If Defendants agree that a violation has occurred and promptly rectify the violation, Plaintiff will not claim attorneys' fees for such action.  If Defendants

persuade Plaintiff that no violation has occurred, Plaintiff will not claim attorneys'

fees for such action unless the claim would comply with paragraph two (2)

immediately below.

2.  If these informal communications become involved and complex, then

Plaintiff is entitled to claim fees for such action.  "Involved and complex" is not

quantitatively ascertained; it is a common sense standard to be determined by

Magistrate Judge Gandhi.

3.  (a)     If the parties cannot resolve their dispute regarding anything,

including whether communications are "involved and complex," Plaintiff will

submit briefing, with exhibits if necessary, to the Honorable Magistrate Judge Jay

Gandhi who will decide the matter as a binding decision.  Plaintiff will

electronically serve those mentioned in III.1.(a) with copies of any such briefing and

exhibits.

(b) Defendants may submit briefing, with exhibits if necessary, within

fifteen (15) calendar days of Plaintiff's filing.  If that date falls on a weekend or

federally recognized holiday, the deadline is extended until the following business

day.

4.  Magistrate Judge Gandhi shall decide the dispute on the briefing and

evidence submitted unless he determines that oral argument or an evidentiary

hearing is necessary.  If Judge Gandhi's decision sustains Plaintiff's claim, Plaintiff

is entitled to claim reasonable and appropriate attorneys' fees for such compliance

[1291842-1]

action.

5. If Judge Gandhi's decision denies Plaintiff's claim, then Judge Gandhi shall further decide whether or not Plaintiff's claim constituted reasonable and appropriate monitoring of the Defendants' compliance with this Order.

6. If Judge Gandhi so determines, Plaintiff shall submit its claim for fees to Defendants. If Judge Gandhi determines that the claim did not constitute reasonable and appropriate monitoring of the Defendants' compliance with this Order, Judge Gandhi shall determine whether the claim was meritless within the meaning of *Christianberg Garment Co. v. EEOC,* 434 U.S. 412 (1978), and order that Defendants may submit their application for attorneys' fees as to that claim.

7. Any fees claimed by either party shall be submitted to the opposing party so that they might have an opportunity to resolve the claim prior to submission to the Court. If Defendants or Plaintiff dispute the reasonableness of fees claimed, this also shall be submitted to Judge Gandhi for resolution as a binding arbiter.

8. As to any and all matters herein, either party may declare, in writing, an impasse and promptly bring the matter to Magistrate Judge Gandhi for resolution by binding arbitration as provided for herein.

## IV.   Continuing Jurisdiction of the Court

1. IT IS FURTHER ORDERED that District Court retain jurisdiction to enforce the parties Settlement Agreement (Ex. A), including without limitation,

disputes over Defendants' compliance with the terms thereof, this Stipulated Permanent Injunction and the changes to Defendants' policy as shown by the policy attached to this Stipulated Permanent Injunction, and further including any disputes concerning Plaintiff's and Defendants' attorneys' fees for monitoring and compliance work.

2.   IT IS FURTHER ORDERED that the monitoring and compliance procedures described herein shall continue until this Permanent Injunction is terminated.

3.   IT IS FURTHER ORDERED that during the pendency of this Injunction, Plaintiff shall not file new actions in this Court or in any other Federal or State Court against Defendants, including those who have been dismissed, concerning any matter prohibited or mandated by the provisions of this injunction.

4.   IT IS FURTHER ORDERED that Defendants shall file a motion to terminate this Order no earlier than July 31, 2017, upon demonstration of substantial compliance with the terms of this Order within the calendar year preceding the filing of the motion and shall notify Plaintiff, in writing, of their intent to do so no later than thirty (30) days prior to filing any such motion.  This procedure will be deemed to have satisfied Central District Local Rule 7-3.

/ / /
/ / /
/ / /

The Court finds that the relief ordered herein is narrowly drawn, extends no further than necessary to correct the violation of the Federal rights at issue, and is the least intrusive means necessary to correct the violation of the Federal rights.

IT IS SO ORDERED.


DATED:   __9/3___, 2014


_____
Hon. George H. King
Chief United States District Judge

[1291842-1]

SETTLEMENT AGREEEMENT          Exhibit A

NOW ON THIS 2ND DAY OF JULY 2014, Plaintiff, Prison Legal News, a project of Human Rights Defense Center ("Plaintiff"), Defendants, County of Ventura, et al. ("the parties" herein) have met and with the assistance of Magistrate Judge Jay Gandhi, have settled all claims pending in the United States District Court, Central District of California case number 14-0773-GHK (EX) according to the following terms and those in the accompanying stipulated permanent injunction and its attachment.

1) Pending only approval of the County Board of Supervisors, the parties stipulate to entry of a permanent injunction in a form accompanying this addendum.

2) In addition, Defendants will pay Plaintiff $350,000 for all claims for damages, costs and fees up to and including the date of the entry of the permanent injunction.

3) Plaintiff directs the County of Ventura to make the settlement check in the amount of $350,000 payable only to Rosen Bien Galvan & Grunfeld client trust account.

4) Plaintiff further directs the County of Ventura and its attorneys and agents not to notify it of the distribution or disbursal of the settlement funds.

5) Plaintiff's counsel will provide Defendants' counsel with a W-9 containing RBGG's taxpayer identification number for the entire amount of the settlement payment, in short order.

6) The Plaintiff is familiar with the provisions of California Civil Code section 1542. Plaintiff agrees to waive both known and unknown claims and damages, that this is not a general release, and that Plaintiff waives the protection of Civil Code section 1542 as to

any and all claims that may have accrued up to and including the date of execution of this

agreement.

By:

Charles Pode, Deputy Executive Officer, County of Ventura

Lance Weber, General Counsel, Human Rights Defense Center

Jeffrey Field, Counsel for Defendants

Brian Vogel, Counsel for Plaintiff

# Exhibit B

Ventura County Sheriff's Office
Detention Services
Divisional Policy

_____

Section 6 Chapter 7
**Inmate Mail Guidelines**

## PURPOSE:
To establish guidelines for the reception, screening, and delivery of inmate mail, books, newspapers and periodicals addressed to and from inmates in jail facilities.

_____

## POLICY:
Inmates are permitted to send and receive unlimited mail which does not threaten the safety and security of the jail in order to maintain communication with their legal representatives, a holder of public office, the courts, and others outside of the jail facility. Inmates may also receive softbound books, newspapers and periodicals accepted for distribution by the United States Postal Service. Acceptance of these items is subject to the security procedures outlined in this policy.

## DEFINITIONS:
**Inmate Mail**: Inmates are allowed to receive enveloped mail and postcards. Inmates are also allowed to receive softbound books, newspapers, and magazines that have been delivered from a publishing company or Internet bookstore. These items must be properly addressed to the inmate.

**Confidential (Legal) Mail:** Confidential mail is legal written material from any county, state or federal court, or any member of a state bar (or verified legal assistant), holder of public office, and the Board of State and Community Corrections. Inmates may also confidentially correspond with the Jail Facility Manager or Jail Facility Administrator. Mail from private attorneys must be on official letterhead and in a properly identified outer envelope to be considered confidential.

**Government Mail:** Official mail from local, state, or federal government entities.

**Inmate E-mail Program:** E-mail will be incoming only.

**Outgoing Mail:** Inmates are allowed to mail letters using envelopes, postcards, and greeting cards purchased through commissary.

## GENERAL PROVISIONS:
Inmates shall be afforded the right to send and receive mail via the United States Postal Service, unless the correspondence would jeopardize the safety, security, order, discipline, or control of the facility.

**PROCEDURE:**

I.      **U.S. Mail**

A.      All incoming enveloped mail, postcards, books, newspapers, and periodicals must be delivered through the U.S. Postal Service, FedEx, DHL, or UPS.

B.      All incoming mail must be properly addressed with the inmates name and booking number and be mailed to: P.O. Box 6929, Ventura, CA 93006. Incoming mail addressed incorrectly, or with no booking number, or not sent directly from the publisher (i.e.: books, newspapers, and magazines) will be returned to sender.

C.      Marriage and birth certificates will be allowed through the mail.

D.      There is no limit to the amount of mail an Inmate may receive.  If the amount of mail in an inmate's cell is excessive and poses a fire hazard, it may be placed into the inmate's property or mailed out at the inmate's expense.

E.      All incoming mail is opened and screened for contraband and money, as well as for jail management and law enforcement issues.  Incoming mail generally takes several days to process and deliver to inmates.  Incoming mail will be delivered to the inmate providing it does not jeopardize the legitimate penological interest of the jail facilities to provide a safe and secure environment for all inmates and staff.

F.      Each inmate is allowed, on a weekly basis, to order a welfare kit, including one postage-paid postcard, one postage-paid envelope, two sheets of paper, one pencil, and one eraser.  If an inmate has money in his or her account, the inmate's account will be debited accordingly.  If the inmate has no funds on account, or insufficient funds, he or she will still receive a welfare kit, which includes the above-described correspondence items.  There will be no limit on the number of postage paid letters to attorneys and to the courts.

G.      Inmate mail may be read when there is a security reason and with the approval of the Jail Facility Manager.

II.     **LEGAL MAIL/GOVERNMENT MAIL**

A.      Legal mail shall be opened and screened for contraband or other prohibited items in the presence of the inmate.  The legal mail shall then be given to the inmate without delay.

B.      Government mail shall be opened and screened for contraband or prohibited items, and forwarded to the inmate through regular channels.

III.    **OUTGOING MAIL**

A.    All outgoing mail shall have the inmate's custody return address (Inmate name, Booking Number, Ventura County Jail, P.O. Box 6929, Ventura, CA, 93006) on the envelope/postcard.  Any mail not containing this information will be returned to the housing unit for an attempt to locate the sender.

B.    There is no limit on the volume of mail an inmate may send out.

C.    Items that cannot be mailed by the inmate include, but are not limited to:

    1.    County property, including law, religious, or library books

    2.    Items purchased by the Inmate Welfare Fund

    3.    Edible items purchased through commissary

    4.    Items made by the inmate

D.    Envelopes that are suspected of containing contraband shall be forwarded to Classification.  Classification will contact the inmate and ascertain what is inside the envelope.  The Classification officer shall open the letter in the presence of the inmate to discover its contents.  The Classification officer shall write a JIR documenting the circumstances of the incident along with a disciplinary report, if applicable.

## IV.   INMATE EMAIL PROGRAM

A.    The email program is designed to provide a contemporary and efficient means for information to be shared with an inmate.  Members of the community may send an email to an inmate by accessing the Sheriff's website at, www.vcsd.org.  The email can be sent by clicking the "VCSD Jail-Inmate Information" icon and locating the inmate.

    1.    Only text will be allowed in the email.  Each email has a maximum of 4500 characters (equivalent to one page).

    2.    The email will only be printed on light grey paper and delivered to the inmate with the inmate mail.

## V.   SECURITY SCREENING

A.    All incoming material, except confidential (legal) mail, shall be processed through the Detention Services mail system and screened by Detention Services security personnel to ensure appropriate security measures are observed.  The security screening occurs for all incoming mail as an initial

inspection to search for cash, checks, money orders, and to prevent contraband and/or sensitive material from being introduced into the jail system.

B.      Any publications with writings or illustrations that   contain obscenity, violence, hatred, and threaten the jail's safety and security will not be delivered to the inmate.

C.      During this process the following items will be removed from all mail: Industrial staples (if removal of industrial staple will damage the article, it will be returned), standard staples, (unless they are used to bind publications), paper clips, metal clamps, clasps, wire, currency and drugs.

## VI.    CHECKS

A.      Only government checks from local, state, or federal government entities are accepted, and only if they are in an official envelope from the issuing agency.

## VII.    REJECTION OF INCOMING INMATE MAIL

A.      All items deemed to contain contraband or determined to be unacceptable, will not be delivered to the inmate but will be retained pending conclusion of the internal appeal process.  Certain items will be destroyed if the item cannot be placed in the inmate's property (e.g. liquids, illegal contraband, etc.)  In all cases in which incoming mail is withheld, the inmate and sender will receive a copy of a "Contents Unacceptable" form, generated by the Detention Mail Staff identifying the article, sender, and disposition.  The sender will receive a "Notice of Appeal" which will explain the appeal process to the sender. In cases where inmate mail is not deliverable and placed into the inmate's property, the inmate will receive a copy of a "Contents Unacceptable" form.  The notice of appeal rights shall include sufficient information identifying the non-delivered item(s) and the reason(s) why the item(s) pose a threat to the Jail's safety and security.

B.      The following rules will govern inmate mail privileges:

      1.      All correspondence must be clearly addressed

      2.      Postcards may not be altered from their original form, including added layering, backing, wrappings, laminate, buttons, bows, glue or ribbons.

      3.      No gang codes or markings will be accepted: outgoing correspondence of that nature will be given Classification for review.

4.      No drugs or other contraband may be enclosed in the mail.

5.      Enveloped mail or postcards may not be marked with paint, heavy crayon, foil, heavy ink, glitter, cloth, string, watermarks, stains or stickers (excluding US Postage Stamps and address labels).

6.      Enveloped mail or postcards cannot contain any perceived biohazard, i.e., lipstick, gloss, scents, etc.

7.      Publications, photographs, postcards, and letters cannot show images, drawings, artwork or photographs of fully exposed genitalia, buttocks or female breasts, and/or graphic depictions of sexual acts.  Medical, anthropological, literarily artistic and scientific journals and publications are not prohibited.

8.      Correspondence or pictures that tend to incite violence, riot, racism or threaten the security of the facility are prohibited.

9.      Blank postcards, envelopes, greeting cards or postage stamps will not be accepted.

10.     Magazines/newspapers/books/booklets will not be accepted unless sent from the publisher or directly from an authorized retail distributor.

11.     Publications and letters may not contain wire, spiral bindings, pens, pencils, or any other items determined to be inappropriate or unacceptable for safety or security reasons.

NOTE:   Inmates shall not possess excessive amounts of paper products; inmate's personal books, magazines, newspapers and mail must be able to fit in their Commissary box. Newspapers must have the inmate's name on the address label. This limitation does not apply to inmates' legal mail. Extra items will be sent to inmate property or be subject to the inmate's agreed upon voluntary destruction.

## VIII.   INTERNAL APPEAL PROCESS FOR RETURNED MAIL

A.      If incoming mail, including any publication, is withheld for one of the reasons listed above under "Security Screening" or "Rejection of Incoming Inmate Mail," both the sender and the inmate will receive notification of the opportunity to appeal.  The notification will be given in the form of written "Notice" to the sender and inmate, within five (5) business days.

B.      The notice to the inmate will contain the name of the publication or item, the inmate's name, the date that the publication or item was deemed unacceptable, the

reason for the withholding and the name of the person authorizing the withholding.  It will also include instructions how the inmate may appeal the withholding by following the facility Grievance Procedures.

C.     The inmate may appeal the withholding decision within ten (10) business days of the receipt of the notice using a Grievance Form.  The appeal must include the inmate's name, date, the name of the publication or item in question, and all the reasons the inmate disagrees with the decision.    Further appeals will comply with the facility Grievance Procedures.

D.     Notice to the "Sender" will contain the name of the publication, or item, the inmate's name, date the publication or item was deemed unacceptable, the reason for the withholding and the name of the person authorizing the withholding.  The notice will also provide the sender the information and instructions how to appeal the withholding decision. The withheld publication or item will be retained pending final disposition of any such appeal.

E.     The sender may appeal within ten (10) business days after the receipt of the notice.  The sender must send the appeal by United States Mail, addressed to the Detention Services Administration Captain, Ventura County Sheriff's Office 800 S. Victoria Ave. Ventura, CA  93009.  If the sender chooses not to use certified mail, the burden to demonstrate timely mail deposit is upon the sender.  Likewise, if the sheriff chooses not to send the notice of withholding via certified mail, the burden to demonstrate timely receipt of the notice is upon the sheriff.

     1.     The appeal must include the inmate's name, a contact person's name and address at the company or sender's location, the date, and the name of the publication or item, and all of the reasons that the sender disagrees with the return decision.

     2.     Senders will be notified of the appeal decision within ten (10) business days of the receipt of the appeal.  The written appeal decision by the Administrative Captain will contain a written explanation, detailing the reasons for the rejection.

F.     If the Detention Services Administration Captain, handling the appeals, needs longer than ten (10) days due to the length of the publication or the number of appeals being filed, notice will be provided to the sender than an extension of time is necessary to respond.

G.     If the internal appeal by an inmate or sender overturns the non-delivery decision, the item or items shall be promptly be delivered to the inmate and the sender shall be notified of this decision.

## IX.     INVESTIGATIONS

A.      Mail is not to be read except where there is a valid security reason to justify such action and the Facility Manager approves.

B.      Incoming original articles of inmate mail and copies of inmate mail may be viewed or released to authorized law enforcement officials and investigators pursuant to an official investigation.  Those authorized persons shall articulate a specific need for the contents of the requested information to the Facility Manager.

**REFERENCES:**

California Penal Code Section 2601
Title 15, California Code of Regulations, Sections 1063, 1066, 1068
Permanent Injunction Prison Legal News v. Ventura, County, USDC CD CA, Case No. 14-0773-GHK (EX)